COOK AND COOK v. CRAWFORD.

Where there is no proof of the *locus in quo* of a contract, the presumption is that it was made and to be performed in the State. Therefore, where a note was dated at "Philadelphia," there being no proof that "Philadelphia" was beyond the limits of the State, interest was properly computed at the rate allowed by our law at the time. (Note 90.)

Error from Harris. Suit on a note dated at "Philadelphia, 21st March, 1836." There was no proof other than the note itself of the place where the note was made. The court instructed [**421**] the jury to compute interest at

## Long v. Anderson.

the rate of five per cent. per annum, the rate allowed in Texas at the date of the note.

*Alexander*, for plaintiff in error. This cause has already been once before this court, and should now be reversed on the same grounds. (1 Tex. R., 9; Dallam, 522; Id., 530; 1 Tex. R., 93; 2 Id., 189; Id., 239.)

*J. W. Henderson*, for defendant in error. The court could not judicially know that "Philadelphia" was not in Harrisburg county in this State. In Cook *v*. Crawford (1 Tex. R., 9) this court says that it "cannot judicially know the rate of interest in any other country until proved as any other fact;" nor can it know where the city of Philadelphia is until proved as any other fact. It says, in Houston *v*. Crosby, (1 Tex. R., 203,) that "if the foreign law be not proved, the rights of parties must be determined by our own laws."

LIPSCOMB, J. This case was before us at a former term. It was then discussed and, the court understood, admitted to be founded on a note dated and made in the city of Philadelphia, in the State of Pennsylvania; and the record showed that final judgment had been rendered in favor of the plaintiff, without the intervention of a jury to find the interest of the State of Pennsylvania, and interest had been allowed. This was one ground on which the judgment was reversed. There were, however, errors on which it was reversed independently of the one noticed. The note sued on is dated as follows: "Philadelphia, 21st March, 1836." In the plaintiff's petition he sets out that it was given in the city of Philadelphia, to wit, in the county aforesaid, referring to the county of Harrisburg in the caption of the petition.

There was no evidence offered on the trial but the note. The jury returned a verdict for the plaintiff, with five per cent. interest, which has been generally considered to have been the **[422]** legal rate of interest before the act of the Congress of Texas of 1840. It is contended that there is error in the allowance of interest on the note, because, as it is alleged, the debt was contracted in another State, and the interest of that State not being in evidence, no interest could be allowed. If the point taken arose out of the record, my opinion would be in its favor. But from the view we take of the record, it does not sustain the conclusion drawn by the counsel for the plaintiff in error. We cannot, nor could the court below, judicially know that the note sued on was made in another State; and there being no evidence to fix the *locus in quo* of its creation, we are bound to treat it as a domestic contract, and consequently affirm the judgment. There are no other points made by the plaintiff in error thought to be worthy of consideration.

Judgment affirmed.

NOTE 90.—Andrews *v*. Hoxie, 5 T., 171; Able *v*. McMurray, 10 T., 350; Bailey *v*. Heald, 17 T., 102, overruling 10 T., 350, *supra*; Whitlock *v*. Castro, 22 T., 108; Yale *v*. Ward, 30 T., 17.